## Florence Zippe, Appellee, v. Otto R. Zippe, Appellant.

### Gen. No. 13,967.

1. DECREES—*when presumed to be supported by evidence heard.*
In the absence of a certificate of evidence, it appearing that such
a certificate of evidence had been filed, the presumption will be in-
dulged on review that the findings of fact contained in the decree
were supported by the evidence contained in such certificate.

2. DIVORCE—*upon whom burden rests to show inability to pay
alimony.* If a defendant has failed to comply with a decree provid-
ing for the payment of alimony, the burden is upon him to establish
his inability to have complied therewith.

Divorce. Appeal from the Superior Court of Cook County; the
Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the
October term, 1907. Affirmed. Opinion filed October 8, 1908.

BOWERSOCK & STILWELL, for appellant.

OSSIAN CAMERON, for appellee.

MR. JUSTICE BROWN delivered the opinion of the
court.

This is an appeal from the judgment of the Supe-
rior Court of Cook county on July 15, 1907, finding
that Otto R. Zippe was in arrears under an order pre-
viously entered in a divorce suit brought by his wife,
Florence Zippe, against him (in which suit a decree
of divorce had been entered in her favor on December
11, 1906), regarding the payment of alimony to the
amount of one hundred and five dollars, and had re-
fused to pay the same, and had shown no reason why
he should not be attached for contempt, and ordering,
adjudging and decreeing that said Otto R. Zippe was
in contempt of court, and that he be forthwith attached
for said contempt by a writ of attachment and com-
mitted to jail (for not more than six months) until he
complied with the order of the court or was otherwise
discharged.

The assignments of error in this court are, apart

from the general ones, that the court erred in entering the order of July 15, 1907, and the preceding rule to show cause, etc.; that the court erred in considering the affidavits filed on behalf of the appellee on which the order was entered; erred in finding that the appellant was in arrears, and that his alleged non-payment of alimony was not due to his inability to make payments.

As to the want of proof of the defendant's ability to make the payments required by the decree of December 11, 1906, which is the point most insisted on by him, it appears that there may have been evidence preserved in the record showing that ability, which the appellant has not brought to this court. The certificate of the clerk of the Superior Court attached to the transcript certifies it to be a true, perfect and complete transcript of the record "*except* a certain certificate of evidence filed December 11, 1906."

In the absence of that certificate of evidence we cannot tell whether the assignment of error is well made. The presumption is, that it is not, and that there was sufficient evidence to support the order.

It is the duty of the party relying on a decree to have incorporated in the findings, or to preserve in the record the proof to support it; but when evidence is so preserved it is incumbent on the appellant to bring it up to the court of review if he would urge that the decree is not supported by it. Franklin Union v. People, 220 Ill. 384.

We think there was enough evidence of the arrears to justify the chancellor in making the attachment. The defendant denied them, it is true, but in very general language, while the affidavit of the complainant was explicit and should and probably would have been met by specific statements of the amounts and dates of payment, if it could have been successfully and effectively contradicted.

If the defendant did not comply with the decree because he could not, on account of matters subsequent

to its entry, it was for him to show it.    Deen v. Bloomer, 191 Ill. 416.

The award of damages asked for we shall not allow, but the order of the Superior Court is affirmed.

*Affirmed.*